

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel.: (202) 305-8849

February 11, 2025

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

    RE:    *Dellinger v. Bessent*, No. 25-5025

Dear Mr. Cislak:

I write with two updates for the motions panel. First, the President yesterday named Doug Collins, Secretary of Veterans Affairs, as Acting Special Counsel. The district court's order is thus irreparably harming the President by preventing him from installing his preferred designee as the acting head of an Executive Branch agency headed by a single individual.

Second, we wish to correct imprecise statements in our stay motion, filed this morning, that the government was unaware of any prior instance in which a federal court ordered the restoration to office of a principal officer of the United States after the President had removed the officer. *See* Mot. 3, 20-21. More precisely, the government is unaware of any prior instance in which a federal court ordered the reinstatement of the principal officer of a single-headed agency after the President had removed the officer.

We are, however, aware of one instance in which a district court effectively reinstated members of a multimember commission who had been removed. In *Berry v. Reagan*, 1983 WL 538 (D.D.C. Nov. 14,

1983), the district court preliminarily enjoined the government from "preventing or interfering with" the plaintiffs' "service as members of the U.S. Commission on Civil Rights" after the President had removed them from that body. Part of the district court's reasoning was that the Commission's "'only purpose'" was "'to find facts which [could] subsequently be used as a basis for legislative or executive action,'" leading the district court to express an understanding that the Commission functioned as a "legislative agency." *Id.* at *2. This Court later vacated the district court's judgment and remanded for the district court "to dismiss the suit as moot" after the expiration of "the statutory period for the existence of" the Commission. *Berry v. Reagan*, 732 F.2d 949, 949 (D.C. Cir. 1983) (per curiam).

We regret the imprecision and would appreciate your circulating this letter to the members of the motions panel.

                Sincerely,

                */s/ Daniel Winik*
                Daniel Winik

cc:    All counsel (via CM/ECF)