# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-5025   September Term, 2024

1:25-cv-00385-ABJ

Filed On: February 12, 2025

Hampton Dellinger, in his personal capacity
and in his official capacity as Special Counsel
of the Office of Special Counsel,

      Appellee

  v.

Scott Bessent, in his official capacity as
Secretary of the Treasury, et al.,

      Appellants

**BEFORE:** Katsas*, Childs, and Pan, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for stay, the opposition thereto, and the reply, and the February 11, 2025 letter, it is

**ORDERED**, on the court's own motion, that this appeal be dismissed for lack of jurisdiction. Appellants have not shown that the district court's February 10, 2025 minute order, which entered a three-day administrative stay to afford time to consider appellee's motion for a temporary restraining order, had the effect of granting an injunction that is appealable under 28 U.S.C. § 1292(a)(1). See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding that the party asserting jurisdiction bears the burden of establishing it). It is

**FURTHER ORDERED** that, to the extent appellants request mandamus relief, that request be denied. Appellants have not shown that they are entitled to the extraordinary remedy of mandamus. See Cheney v. U.S. Dist. Ct. for the Dist. of Columbia, 542 U.S. 367, 380-81 (2004). It is

**FURTHER ORDERED** that the emergency motion for stay be dismissed as moot.

*A statement by Circuit Judge Katsas, concurring in this order, is attached.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/

Scott H. Atchue
Deputy Clerk

Katsas, *Circuit Judge*, concurring: This case arises from the President's removal of Special Counsel Hampton Dellinger on Friday, February 7, 2025. On Monday, February 10, Dellinger filed a complaint challenging the removal and sought a temporary restraining order reinstating him. Later that day, before the government was able to file a written opposition, the district court held a hearing on the motion. The same day, the court entered what it described as an "administrative stay" pending further consideration of the TRO motion. The order requires the government to recognize Dellinger as Special Counsel and to provide him access to that Office. The order further prohibits the government from recognizing the President's designation of Doug Collins, the Secretary of Veterans Affairs, as Acting Special Counsel. The order runs through Thursday, February 13, while the district court further considers the pending TRO motion.

The pending TRO motion raises its share of difficulties. For one thing, it would be difficult for Dellinger to show a likelihood of success in light of *Collins v. Yellen*, 594 U.S. 220 (2021), and *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020), which held that Article II of the Constitution prevents Congress from restricting the President's ability to remove officers who serve as the sole heads of agencies that wield significant executive power. For another, it would be difficult for Dellinger to show irreparable injury during whatever modest amount of time may be necessary to adjudicate an expedited motion for preliminary injunction, either to himself or to an agency that would otherwise have a presidentially designated acting head. The entry of a TRO, no less than the entry of a preliminary injunction, would require showings of both a likelihood of success on the merits and interim irreparable injury. *See*, *e.g.*, 11A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 2951 n.45 (3d ed.) (collecting cases). And the district court, in the order before us today, did not address likelihood of success and made only a tentative finding of possible irreparable injury.

All of that said, the district court has not yet adjudicated even a TRO, much less a preliminary injunction that would be appealable as of right under 28 U.S.C. § 1292(a)(1). To obtain relief at this juncture, the government thus must show both that (1) the administrative stay operates as a TRO, which in turn (2) operates as a preliminary injunction. That requires a functional analysis of, among other things, how intrusive the interim order is and how long it runs. *See*, *e.g.*, *OPM v. AFGE*, 473 U.S. 1301, 1304–05 (1985) (Burger, C.J., in chambers); *Adams v. Vance*, 570 F.2d 950, 952–53 (D.C. Cir. 1978); *see also* Bray, The Purpose of the Preliminary Injunction, 78 Vand. L. Rev. 1, 43–44 (forthcoming 2025). On the record before us, the government invokes serious but abstract separation-of-powers concerns. It is unclear whether these amount to the kind of concrete, immediate, irreversible consequences that would warrant treating an administrative stay or a TRO as a preliminary injunction. *See*, *e.g.*, *Ne. Ohio Coal. for Homeless & SEIU v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006); *Adams*, 570 F.2d at 952; *Belknap v. Leary*, 427 F.2d 496, 497–98 (2d Cir. 1970) (Friendly, J.). But one other consideration cuts strongly against interlocutory review at this juncture: The order at issue by its terms expires *tomorrow*.

In joining this disposition, I express no view on the appealability or merits of any later order granting interim relief to Dellinger based on findings of a likelihood of success or of interim irreparable injury, whether styled as a preliminary injunction or TRO.